IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTHONY DARNELL DIAL,

Plaintiff,

vs.

NEBRASKA DEPARTMENT OF HEALTH &
HUMAN SERVICES - CHILD SUPPORT
ENFORCEMENT DIVISION, DOUGLAS
COUNTY ATTORNEY-CHILD SUPPORT
ENFORCEMENT UNIT, DIRECTOR,
NEBRASKA DHHS - CHILD SUPPORT
ENFORCEMENT (NAME UNKNOWN), in
individual and official capacity;
SUPERVISOR, DOUGLAS COUNTY
ATTORNEY - CHILD SUPPORT
ENFORCEMENT UNIT (NAME
UNKNOWN), in individual and official
capacity; and NAKITA NICOLE WRIGHT,

Defendants.

8:25CV556

MEMORANDUM AND ORDER

This matter comes before the Court to conduct an initial review of the Second Amended Complaint (the "Complaint"), Filing No. 14,[1] filed by Plaintiff Anthony Darnell Dial ("Plaintiff"), a non-prisoner proceeding pro se and in forma pauperis, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).  As explained herein, this Court finds that Plaintiffs' Complaint must be dismissed in its entirety under the *Rooker-Feldman* doctrine.

---

[1] The Court considers the Second Amended Complaint as the operative Complaint, superseding the initial complaint, Filing No. 1, and all prior supplements, Filing Nos. 10–13.

## I. SUMMARY OF COMPLAINT

Liberally construing the Complaint, the subject matter of this case is the alleged unconstitutional actions taken by the following defendants: the Nebraska Department of Health and Human Services ("NDHHS"), the Douglas County Attorney, the NDHHS Director, the Douglas County Attorney Supervisor, and Nakita Nicole Wright, a private individual (collectively "Defendants"), relating to the enforcement of a child support order and judgment which Plaintiff contends were entered unlawfully. Filing No. 14 at 3-4, 6. Plaintiff alleges that as a result of the enforcement of the order/judgment he has been subject to wage garnishment and threats of driver's license suspension without a "meaningful opportunity to be heard." [Cite?]. As relief Plaintiff seeks a declaratory judgment, injunctive relief, an order vacating any "unlawful enforcement actions, license suspensions, or garnishments," monetary damages including damages for financial loss, emotional distress, reputational damages, "unlawful interference with employment," and litigation costs. *Id.* at 7.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

Plaintiff alleges this Court has jurisdiction over this matter pursuant to 42 U.S.C. §1983, the Declaratory Judgment Act at 28 U.S.C. §§2201-2202 (the "DJA"), the Fair

Credit Reporting Act at 15 U.S.C. §1681 (the "FCRA"), and 45 C.F.R. §303.100. Filing No. 14 at 5. However, while the Complaint suffers from multiple pleading deficiencies which would require amendment to proceed, leave to amend shall not be granted as under the *Rooker-Feldman* doctrine the matter must be dismissed without prejudice in its entirety.

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), because "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citation and internal quotations omitted). The *Rooker-Feldman* doctrine generally applies where a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced, and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Rooker-Feldman* is, however, a narrow doctrine that does not extend to a case merely "because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon*, 544 U.S. at 293. Instead, the *Rooker–Feldman* doctrine "applies only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011) (quoting *Exxon*, 544 U.S. at 284). Therefore, only where the

3

alleged injury for which a plaintiff seeks redress stems directly from the state court judgment itself, *rather than from some separate injury caused by the defendant*, does the federal court have no jurisdiction to review. *Skit Intern., Ltd. v. DAC Techs. of Arkansas, Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (emphasis added).

The crucial inquiry in determining if a claim is so inextricably intertwined with a state judgment that it cannot be heard by a federal court has been explained as hinging upon a determination of "whether the federal plaintiff seeks to set aside a state court judgment or whether he [or she] is, in fact, presenting an independent claim." *Brokaw*, 305 F.3d at 664-65 (citation omitted). Put another way, "if a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011) (quoting *Exxon*, 544 U.S. at 293).

Here, all of Plaintiff's claims and relief directly challenge a state child support order and judgment. Specifically, Plaintiff seeks an order from this Court prohibiting Defendants from enforcing or collecting any child support orders issued against Plaintiff, and to remove any liens, negative credit reporting, and license suspensions resulting from the enforcement of that order because the state child support order and judgment were "entered into without lawful jurisdiction or due process." Filing No. 14 at 6. The claims raised and relief sought by Plaintiff challenge the validity of the underlying judgment. *Id.* Such action is outside the jurisdiction of this Court. *See Eaves v. Paxton*, No. 24-1400, 2026 WL 1020603, at *2 (10th Cir. Apr. 15, 2026) (citing *Dixon v. Rick*, 781 F. App'x 561, 561 (7th Cir. 2019) (concluding that *Rooker-Feldman* doctrine precluded plaintiff's

challenge to seizure of funds to satisfy child support debt); *Brown v. Coffin*, 766 F. App'x 929, 931–32 (11th Cir. 2019) (holding that plaintiff's request for relief from defendant's "administrative actions in enforcing a child support order" constituted a challenge to the underlying state court judgment); *cf. Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013) (concluding that *Rooker-Feldman* doctrine did not apply where plaintiff was not "challeng[ing] the validity or enforcement of the child support order itself")).

IT IS THEREFORE ORDERED that: The Complaint, Filing No. 14, is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 27th day of May, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court